UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BIG BEINGS USA PTY LTD, LOVE TO DREAM, INC., and LB ONLINE & EXPORT PTY LTD (D/B/A LOVE TO DREAM ONLINE AND EXPORTS),<br><br>Plaintiffs,<br><br>v.<br><br>NESTED BEAN, INC.<br><br>Defendant. | Civil Action No. _____<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiffs, Big Beings USA PTY Ltd ("Big Beings USA"), Love To Dream, Inc., and LB Online & Export Pty Ltd, collectively "Love To Dream," by and through their undersigned counsel, bring this action for patent infringement against Defendant, Nested Bean, Inc. ("Nested Bean") under the patent laws of the United States, Title 35 of the United States Code, and allege as follows, upon actual knowledge with respect to itself and its own acts, and upon information and belief as to all other matters.

## JURISDICTION AND VENUE

1. This is an action for patent infringement, which arises under the patent laws of the United States, Title 35 of the United States Code, specifically 35 U.S.C. § 271, 281, 283, 284, and 285, as hereinafter more fully appears. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

2. This Court has general and specific personal jurisdiction over Nested Bean under the due process provisions of the United States and the Commonwealth of Massachusetts. Nested Bean is incorporated as a foreign corporation in the Commonwealth of Massachusetts.

3. Venue is proper pursuant to 28 U.S.C. §§ 1391(b) and 1400(b) because Nested Bean is incorporated in the Commonwealth of Massachusetts, resides in and maintains a physical presence, and infringes one or more patents in this judicial district.

## THE PARTIES

4. Big Beings USA is a proprietary company incorporated under the laws of Australia, with principal offices located at East Village, Level 3, 2-4 Defries Avenue, Zetland, New South Wales 2017, Australia.

5. Love To Dream, Inc. is a corporation registered under the laws of Delaware with its registered agent, The Corporation Trust Company, located at 1209 Orange Street, Wilmington, Delaware 19801.

6. LB Online & Export Pty Ltd is a proprietary company incorporated under the laws of Australia, with principal offices located at East Village, Level 3, 2-4 Defries Avenue, Zetland, New South Wales 2017, Australia.

7. Nested Bean is a baby product company that sells sleepwear and blankets for infants and toddlers. Nested Bean is a Massachusetts for profit corporation with its principal place of business at 131 Coolidge St, Suite 102, Hudson, MA 01749. Nested Bean may be served through its registered agent as follows: Manasi Gangan, Nested Bean, Inc., 131 Coolidge St, Suite 102, Hudson, MA 01749.

## THE ASSERTED PATENTS

8. On June 14, 2022, U.S. Patent No. 11,357,268, entitled "Swaddling Garment" ("the '268 patent") was duly and legally issued to Big Beings USA, listing the inventor as Hana-Lia Krawchuk. The '268 patent issued from Application No. 14/935,929, filed November 9, 2015, as a continuation-in-part of application No. 12/920,034, filed as application No.

PCT/AU2010/000800 on June 25, 2010, now U.S. Patent No. 9,179,711, which claims the benefit of priority of Australian Application No. 2009903034, filed June 30, 2009. A copy of the '268 patent is attached hereto as Exhibit A.

9.  On July 26, 2022, U.S. Patent No. 11,395,517, entitled "Swaddling Garment" ("the '517 patent") was duly and legally issued to Big Beings USA, listing the inventor as Hana-Lia Krawchuk. The '517 patent issued from Application No. 17/238,519, filed April 23, 2021, as a continuation of Application No. 14/935,929, filed November 9, 2015, now U.S. Patent No. 11,357,268, which is a continuation-in-part of application No. 12/920,034, filed as application No. PCT/AU2010/000800 on June 25, 2010, now U.S. Patent No. 9,179,711, which claims the benefit of priority of Australian Application No. 2009903034, filed June 30, 2009. A copy of the '517 patent is attached hereto as Exhibit B.

10. Together, the '268 and '517 patents are referred to herein as the "Asserted Patents."

11. Love To Dream, Inc. holds a non-exclusive license from Big Beings USA in the United States to Big Beings USA's Swaddle Technology, including but not limited to rights regarding the Asserted Patents. These rights to the Asserted Patents include the rights to sue for and recover damages and other relief for past, present and future infringements of the Asserted Patents.

12. LB Online & Export Pty Ltd holds a non-exclusive license from Big Beings USA in the United States to Big Beings USA's Swaddle Technology, including but not limited to rights regarding the Asserted Patents. These rights to the Asserted Patents include the rights to sue for and recover damages and other relief for past, present and future infringements of the Asserted Patents.

13. Love To Dream, Inc. and LB Online & Export Pty Ltd manufacture and/or have manufactured, import, and sell in the United States and in the Commonwealth of Massachusetts commercial embodiments of the Asserted Patents.

## NATURE OF THE ACTION

14. This is a civil action arising out of the acts and actions of Defendant for infringement of the Asserted Patents under the United States Patent Laws §100 *et seq.*

15. Inventor Hana Krawchuk founded the Love To Dream business (originally under the name "Love Me Baby") in Australia in 2009 after she invented the Swaddle Up (originally branded "Wrap Me UP") as a means to swaddle newborn babies instead of using traditional blankets. Mrs. Krawchuk noticed when her own baby slept, he would sleep in an arms-up position, where he seemed most comfortable. She invented the Swaddle Up to assist babies with comfortable safe sleep, in particular, allowing babies to sleep snugly but with their arms up, so that their hands were accessible for self-soothing (through non-nutritive sucking of the hands). In 2009, there were no available products on the market that allowed a baby to be swaddled without the safety risks of wrapping and that also allowed the baby to access the hands for sucking and self-soothing.

16. On June 30, 2009, Love To Dream filed a patent application on its swaddling garments in Australia, Australian Appln. No. 2009903034. Love To Dream also filed international application PCT/AU2010/000800 on June 25, 2010, the national phase of which issued on November 10, 2015, as U.S. Patent No. 9,179,711. The '711 patent is also entitled "Swaddling Garment" and is a parent patent to both Asserted Patents.

17. Since 2009, the Swaddle Up has become a market leader of the swaddle garment market in Australia and the US, with a growing global presence, including in approximately 40

countries. By itself and through a prior authorized distributor in the USA, Love To Dream has continuously promoted and sold Swaddle Up products in the USA since at least 2011.

18. The Swaddle Up has experienced immense commercial success. In fiscal year 2012, over a hundred thousand units of the Swaddle UP were sold worldwide and over a million units of the Swaddle UP were sold in fiscal years 2019 and 2020.

19. The Swaddle Up has enjoyed a high degree of success since inception due to the uniqueness of its technology. As a result, it is now sold by numerous major retailers across the U.S., including Target and Babylist. It also has achieved prominence on Amazon.com (the U.S. market platform), with a high number of product reviews from verified customers for the Swaddle Up, often achieving a ranking as an Amazon #1 top seller.

20. According to Nested Bean's website, www.nestedbean.com, Nested Bean was founded in 2011, and it launched its first swaddle product, the Zen Swaddle, in April 2012. *See https://www.nestedbean.com/blogs/press-releases/58992387-putting-infant-sleep-problems-to-rest*.

21. Nested Bean is a Delaware company, with headquarters in Hudson, Massachusetts. The Nested Bean website claims that its swaddle was invented and designed by its founder, Manasi Gangan, a resident of Massachusetts. According to its website, Nested Bean advertises, offers to sell and/or sells its products in the United States and over 10 international markets. Nested Bean claims on its website that "all orders placed on nestedbean.com," both domestic and international, ship from its warehouses in the United States, with the exception of some shipments to Canada.

22. For sales to Canadian residents, Nested Bean encourages customers to visit www.nestedbean.com.ca ("Nested Bean Canada") for duty-free goods with faster shipping

options. https://www.nestedbean.com/pages/order-fulfillment. These products, however, are designed in the United States and the Canadian domain name is maintained by Nested Bean Inc., the Massachusetts company. In fact, the email provided for notice on the Canadian website registration is the private email of founder, Manasi Gangan, in the United States.

23. Nested Bean also offers to sell and sells the Zen One through the U.S. website, Amazon.

24. Nested Bean has been aware that its Zen One product is infringing at least one patent held by Love To Dream since at least January 17, 2020, when Love To Dream filed its first patent infringement lawsuit against Nested Bean in a Massachusetts Court, alleging infringement of the '711 patent (the parent to the Asserted Patents). *See Big Beings USA Pty. Ltd. et al v. Nested Bean, Inc.*, Case No. 1-20-cv-10101 (D. Mass).

25. After Love To Dream was issued two new patents in June and July of 2022, it notified Nested Bean on September 29, 2022, that its Zen One Convertible Swaddle also infringed the Asserted Patents.

## COUNT I

## INFRINGEMENT OF THE '268 PATENT

26. Plaintiffs repeat and reallege each and every allegation set forth in paragraphs 1-24 and incorporate them herein by reference.

27. Nested Bean manufactures and sells baby swaddling products, including but not limited to its "Zen One Convertible Swaddle" product (hereafter referred to as "Infringing Products"), which infringes one or more claims of the '268 patent.

28. On information and belief, Nested Bean has and continues to, without license from Plaintiffs, infringe the '268 patent under 35 U.S.C. § 271(a), by making, using, offering to sell and/or selling Nested Bean's Infringing Products to consumers.

29. Plaintiffs have analyzed Nested Bean's Infringing Products in view of the '268 patent and the Infringing Products infringe each and every element of at least claims 1, 17, and 21 of the '268 patent, either literally or through the doctrine of equivalents.

30. Attached as Exhibit C, and incorporated herein by reference, is an infringement chart setting forth how Nested Bean infringes at least claims 1, 17, and 21 of the '268 patent in violation of 35 U.S.C. § 271, *et seq.* The "Zen One Convertible Swaddle" product meets each and every element of at least claims 1, 17, and 21 of the '268 patent. This chart is exemplary and does not limit the infringement claims to exclude infringement of other claims including claims that depend upon claims 1, 17, and 21.

31. As a result of Nested Bean's infringement, Plaintiffs have been, are being, and, unless such acts and practices are enjoined by the Court, will continue to be injured in Plaintiffs' business and property rights, and have suffered, are suffering, and will continue to suffer injury and damages for which Plaintiffs are entitled to relief under 35 U.S.C. §284 adequate to compensate for such infringement, but in no case less than a reasonable royalty. Plaintiffs are entitled to lost profits, reasonable royalties, and a permanent injunction.

32. Nested Bean received actual notice of the '268 Patent prior to the initiation of the present lawsuit and no later than September 29, 2022, but nevertheless willfully continues to make, use, offer to sell, and sell in the United States the Infringing Products.

33. As a direct and proximate consequence of the acts and practices of Nested Bean, Nested Bean has also caused, is causing and, unless such acts and practices are enjoined by the

Court, will continue to cause irreparable harm to Plaintiffs, for which Plaintiffs are entitled to preliminary and permanent injunctive relief under 35 U.S.C. §283.

## COUNT II

## INFRINGEMENT OF THE '517 PATENT

34. Plaintiffs repeat and reallege each and every allegation set forth in paragraphs 1-19 and incorporate them herein by reference.

35. Nested Bean manufactures and sells baby swaddling products, including but not limited to its "Zen One Convertible Swaddle" product (hereafter referred to as "Infringing Products"), which infringes one or more claims of the '517 patent.

36. On information and belief, Nested Bean has and continues to, without license from Plaintiffs, infringe the '517 patent under 35 U.S.C. § 271(a), by making, using, offering to sell and/or selling Nested Bean's Infringing Products to consumers.

37. Plaintiffs have analyzed Nested Bean's Infringing Products in view of the '517 patent and the Infringing Products infringe each and every element of at least claims 1, 11, and 22 of the '517 patent, either literally or through the doctrine of equivalents.

38. Attached as Exhibit D, and incorporated herein by reference, is an infringement chart setting forth how Nested Bean infringes at least claims 1, 11, and 22 of the '517 patent in violation of 35 U.S.C. § 271, *et seq.* The "Zen One Convertible Swaddle" product meets each and every element of at least claims 1, 11, and 22 of the '517 patent. This chart is exemplary and does not limit the infringement claims to exclude infringement of other claims including claims that depend upon claims 1, 11, and 22.

39. As a result of Nested Bean's infringements, Plaintiffs have been, are being, and, unless such acts and practices are enjoined by the Court, will continue to be injured in Plaintiffs'

business and property rights, and have suffered, are suffering, and will continue to suffer injury and damages for which Plaintiffs are entitled to relief under 35 U.S.C. §284 adequate to compensate for such infringement, but in no case less than a reasonable royalty. Plaintiffs are entitled to lost profits, reasonable royalties, and a permanent injunction.

40. Nested Bean received actual notice of the '517 Patent prior to the initiation of the present lawsuit and no later than September 29, 2022, but nevertheless willfully continues to make, use, offer to sell, and sell in the United States the Infringing Products.

41. As a direct and proximate consequence of the acts and practices of Nested Bean, Nested Bean has also caused, is causing and, unless such acts and practices are enjoined by the Court, will continue to cause irreparable harm to Plaintiffs, for which Plaintiffs are entitled to preliminary and permanent injunctive relief under 35 U.S.C. §283.

## COUNT III

## UNJUST ENRICHMENT

42. Plaintiffs repeat and reallege each and every allegation set forth in paragraphs 1-26 and incorporate them herein by reference.

43. As a result of the conduct of Nested Bean as described above, and unless the relief sought in this Complaint is granted, Nested Bean will unjustly benefit from and be unjustly enriched by, its own intentional and wrongful acts.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs Big Beings USA Pty Ltd, Love To Dream, Inc., and LB Online & Export Pty Ltd respectfully request the Court to enter judgment against Defendant Nested Bean, Inc. as follows:

  A. That Nested Bean has directly infringed, infringes, and will infringe, one or more claims of the '268 patent;

  B. That Nested Bean has directly infringed, infringes, and will infringe, one or more claims of the '517 patent;

  C. That Nested Bean be ordered to pay damages adequate to compensate Plaintiffs for Nested Bean's infringement of the Asserted Patents including lost profits, but in no event less than a reasonable royalty, together with prejudgment and post-judgment interest thereon;

  D. That Nested Bean be ordered to account for any post-verdict infringement;

  E. That the Court enhance the damages up to three times to the extent the facts show Nested Bean's willful infringement;

  F. That this case be declared exceptional under 35 U.S.C. § 285 and that Plaintiffs be awarded its reasonable attorneys' fees, costs, and expenses;

  G. That a preliminary and permanent injunction, including permanent withdrawal of all infringing stock, be entered against any future infringements by Nested Bean of the Asserted Patents; and

  H. That Plaintiffs be granted such other and additional relief as the Court deems just and proper.

## JURY DEMAND

Plaintiffs hereby demand a jury trial as to all issues so triable.

Dated: March 28, 2023.	Respectfully submitted,

/Linda J. Thayer/
Linda J. Thayer (Bar No. 674,447)
Cory Bell (Bar No. 705,124)
FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, L.L.P.
Two Seaport Lane
Boston, MA  02210-2001
(617) 646-1600 (phone)
(617) 646-1666 (fax)
linda.thayer@finnegan.com
cory.bell@finnegan.com

Robert G. Kramer (D.C. Bar No. 451123)
   *pro hac vice* pending
Alissa E. Green (D.C. Bar No. 1671371)
   *pro hac vice* pending
FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, L.L.P.
Two Seaport Lane
Washington, DC  20001
(202) 408-4000 (phone)
(617) 646-1666 (fax)
robert.kramer@finnegan.com
alissa.green@finnegan.com

*Attorneys for Plaintiffs Big Beings USA Pty Ltd, Love To Dream, Inc., and LB Online & Export Pty Ltd*